```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Mark Edward Hurst,             :

    Plaintiff,             :

  v.                           :           Case No. 2:14-cv-2552

                                     :           JUDGE ALGENON L. MARBLEY
Jenneifer A. Pribe,                        Magistrate Judge Kemp
    et al.,                  :

    Defendants.            :

## REPORT AND RECOMMENDATION

Plaintiff, Mark Edward Hurst, a non-prisoner *pro se* litigant, filed this action asking for leave to proceed *in forma pauperis*. Mr. Hurst qualifies financially for *in forma pauperis* status, so his motion for leave to proceed (Doc. 1) is granted. However, the Court will recommend that the complaint be dismissed for failure to state a claim upon which relief can be granted.

### I.

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal

district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. See Haines v. Kerner, 404 U.S. 519 (1972). The Court is required to review Mr. Hurst's complaint under these standards.

                                II.

The complaint, though somewhat lengthy, is straightforward. In 2008, Mr. Hurst was convicted in the Licking County, Ohio Court of Common Pleas of various offenses and sentenced to a total of thirty-nine months of imprisonment, to be followed by five years of post-release control. Mr. Hurst claims, for various reasons, that the decision of the Ohio Adult Parole Authority (APA) to revoke his parole in 2012 and to sentence him to prison was unlawful. He alleges that he was not on parole and had served his entire sentence so that there was "nothing to revoke," and that the revocation was unsupported by the evidence presented, which apparently consisted of misdemeanor charges that were dismissed by the state court. He seeks damages for the time spent in prison and for being separated from his family. He also seeks a declaratory judgment that the APA improperly increased his conditions of supervision by imposing special conditions in 2012 and 2013 which had not, before that time, been a part of the conditions of his post-release control, and that the sentence of post-release control imposed upon him by the trial court unlawfully delegated judicial authority to the APA to impose such conditions without affording him due process. He does not allege, however, that he has ever challenged any of the APA's actions through the state court system, nor does he allege that a

state court has found the revocation of his parole or the imposition of these additional conditions to have been unlawful.

### III.

The Court turns first to Mr. Hurst's claim for damages due to unlawful incarceration.  That claim (Counts One and Two of his complaint) is, under binding United States Supreme Court precedent, barred unless and until there has been a prior judicial determination that he was unlawfully incarcerated. Simply put, someone who has been imprisoned by the state system (including by parole authorities) cannot use a federal court damages action to challenge the legality of that imprisonment.

The Supreme Court decided in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), that in order to succeed on a claim for money damages for wrongful imprisonment, the plaintiff "must prove that a conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  If a judgment in favor of the plaintiff in a §1983 action would necessarily imply that a conviction or sentence was invalid, the court must dismiss the action unless the conviction or sentence has actually been invalidated.  Id.  It follows that if plaintiff has not alleged that his conviction or sentence (including a revocation or denial of parole) has been found, in some case other than this one, to be unlawful, he cannot maintain a claim for damages arising out of that conviction or sentence by way of his current §1983 complaint.

Heck involved an inmate who had been imprisoned as a result of a state court conviction.  However, it has been applied to parole revocation proceedings as well.  For example, in Burkette v. Waring, 2010 WL 2572930 (E.D. Mich. June 22, 2010), the plaintiff alleged - just as Mr. Hurst alleges here - that the

state parole authorities violated his constitutional rights by revoking his parole.  However, he "did not challenge the validity of the Parole Board's decision to revoke his parole and did not seek a writ of habeas corpus challenging the lawfulness of his incarceration as a result of being found guilty of parole violations."  Id. at *3.  If the federal court were to award him damages, it would necessarily have to find that the parole revocation proceedings were invalid.  Under Heck, that is not permitted; as the Burkette court held, "[b]ecause a successful due process or probable cause challenge to Plaintiff's parole revocation would necessarily imply the invalidity of that underlying parole revocation, Plaintiff's § 1983 claims challenging his parole revocation and subsequent incarceration are barred by Heck."  Id.  See also Linton v. Sullivan, 182 F.3d 912, *1 (6th Cir. July 6, 1999)(unpublished), where the Court of Appeals held that this type of "case was properly dismissed, as most of [the Plaintiff's] allegations imply that his parole revocation was invalid and he did not show that the revocation had been reversed or invalidated by an appropriate tribunal."  This Court has reached the same conclusion in cases where a Plaintiff challenges "the substantive result ... of [parole] revocation proceedings."  Tillman v. Mausser, 2011 WL 1659387, *6 (S.D. Ohio May 2, 2011), adopted and affirmed 2011 WL 2181622 (S.D. Ohio June 2, 2011).  Consequently, Counts One and Two of the complaint fail to state a claim upon which relief can be granted, because any relief is barred by Heck v. Humphrey unless and until Mr. Hurst obtains a decision from another court, or in a federal habeas corpus action (which, by statute, see 28 U.S.C. §2254(b), (c), cannot be pursued until state court remedies are exhausted) that the revocation of his parole was illegal.

IV.

Count Three stands on a different footing. There, Mr. Hurst challenges the APA's ability to impose certain conditions on him as a part of his post-control release. He asks this Court to declare that those conditions are invalid.

There is substantial support for the proposition that Mr. Hurst is seeking the wrong remedy here. He is "in custody" - that is, his liberty is restrained - by the parole conditions about which he complains. See Jones v. Cunningham, 371 U.S. 236, 243 (1963)("While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the 'custody' of the members of the Virginia Parole Board within the meaning of the habeas corpus statute"). Some courts have held that a person in state custody who seeks release from that custody, or any condition of it, may proceed in federal court only by way of a petition for a writ of habeas corpus. See, e.g., Drollinger v. Milligan, 552 F.2d 1220, 1225 (7th Cir. 1977)(a person challenging parole or probation conditions "must proceed by means of a petition for habeas corpus, a cause of action which initially requires the petitioner to exhaust ... available state court remedies"). Since Mr. Hurst has not alleged the exhaustion of state remedies, under this line of argument, he cannot properly seek habeas corpus relief here.

However, the fact that Mr. Hurst *may*, under proper circumstances, seek habeas corpus relief does not completely answer the question of whether that is the only form of relief available to him. In Wilkinson v. Dotson, 544 U.S. 74, (2005), the Supreme Court noted that although a prisoner in state custody could not seek declaratory relief under 42 U.S.C. §1983 (the general civil rights statute) to challenge the fact or duration of his confinement or custody in an effort to shorten the term of

confinement or custody or obtain immediate release, a prisoner could challenge the constitutionality of parole proceedings in a §1983 action as long as the result was not to cause the prisoner to be released, but simply to require that his request for parole be considered using proper procedures rather than unconstitutional ones.  In other words, where granting relief on the Plaintiff's "claim would [not] necessarily spell speedier release" the claim does not "lie[] at 'the core of habeas corpus.'" Dotson, 544 U.S. at 82, quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).  Thus, while such a challenge could also be raised in a habeas corpus proceeding, it did not have to be, and could be litigated in the context of a claim for declaratory relief brought under §1983.

    A challenge to a condition of parole which, if successful, would not shorten the parole term or result in the parolee's immediate release from parole, could be viewed as something other than an attack on the fact or duration of a person's confinement (or deprivation of liberty resulting from parole conditions) and for that reason might be properly brought under §1983.  At least, that is what one Court of Appeals has held.  See Thornton v. Brown, 757 F.3d 834 (9th Cir. 2013). There, the issue was whether a parolee could challenge his parole conditions under 42 U.S.C. §1983 or whether he was required to seek habeas corpus relief. Relying on Dotson, the Thornton court held that because the parolee was not seeking total release from parole, and because judgment in his favor would not shorten his parole term, he was permitted to challenge certain conditions of parole in a §1983 action.  Thornton recognized that its holding was directly contrary to the Seventh Circuit Court of Appeals' decision in Drollinger, supra, and that no other Court of Appeals had spoken directly to the issue.  The majority decision in Thornton provoked a strong dissent which argued that "if Thornton were

successful in his challenge to the parole conditions imposed by the [California parole authorities], it would necessarily imply the invalidity of a portion of his sentence," thus running afoul of the Supreme Court's decision in Heck. Thornton, 757 F.3d at 847 (Ikuta, J., dissenting).

In the view of this Court, Drollinger is the better-reasoned and more persuasive decision. An excellent analysis of this issue can be found in D'Amario v. Weiner, 2014 WL 1340022, *6 (D.N.J. Apr. 3, 2014), where the court, rejecting Thornton, said, in words with which this Court agrees, that "it is difficult to understand how a constitutional challenge to one's parole, probation, or supervised release conditions in a civil rights action would not 'necessarily imply the invalidity' of a portion of the plaintiff's sentence...." A judgment in Mr. Hurst's favor in this case would release him from a portion of his sentence, namely the restrictions on his liberty which flow from the conditions he challenges. As the D'Amario court also observed, there is no logical stopping point to the principle adopted in Thornton. Under that principle, a parolee could challenge every parole condition under §1983 until there were none left, which would be the equivalent of challenging the fact or duration of parole. There is no reason to allow a parolee to circumvent the state courts by bringing such a challenge without going through the process of exhausting state remedies, which is the primary difference between a challenge under the habeas corpus statute and a claim brought under §1983. The exhaustion requirement gives the state courts the first opportunity to address and correct any constitutional errors in the sentence being served before a federal court intrudes into the state criminal process. Again, because Mr. Hurst does not allege that he has pursued any state remedies challenging the conditions of his parole, he cannot seek habeas relief here, so even were the Court to

construe his third claim as one for such relief, it is subject to dismissal for failure to exhaust available state remedies. See Castille v. Peoples, 489 U.S. 346, 349 (1989), holding that a "habeas petition should have been dismissed if state remedies had not been exhausted as to any of the federal claims." The Court stresses that by dismissing Count Three for failure to exhaust, and by dismissing Counts One and Two for failure to state a claim, the Court is making no ruling on the merits of Mr. Hurst's federal constitutional claims, but deciding only that, for procedural reasons, these claims cannot currently be pursued in the federal courts.

V.

For all of these reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (#1) is granted. It is further recommended that this case be dismissed under 28 U.S.C. §1915(e)(2) for failure to state a claim upon which relief may be granted.

VI.

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the

right to have the district judge review the Report and Recommendation <u>de</u> <u>novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                    <u>/s/ Terence P. Kemp        </u>
                                    United States Magistrate Judge