IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK EDWARD HURST, | : | |
| | : | Case No. 2:14-CV-2552 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Kemp |
| JENNIFER A. PRIBE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court for consideration of Plaintiff's Objections to the Magistrate Judge's December 11, 2014 **Report and Recommendation** (Doc. 2), recommending that Plaintiff's complaint (Doc. 3) be dismissed for failure to state a claim upon which relief can be granted. Plaintiff objected to the Magistrate Judge's Report and Recommendation. (Doc. 6.) Upon independent review by the Court, and for the reasons set forth below, Plaintiff's Objections are hereby **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation. Counts One and Two of Plaintiff's Complaint are **DISMISSED** for failure to state a claim upon which relief can be granted, and Counts Three and Four are **DISMISSED** for failure to exhaust state remedies.

### II. BACKGROUND

Plaintiff Mark Edward Hurst, a non-prisoner proceeding pro se, filed this civil-rights action against Defendant Jennifer A. Pribe and all members, Jane and/or John Doe, of the Ohio Adult Parole Authority ("OAPA") under 42 U.S.C. § 1983. He seeks declaratory relief and

1

damages for time that he claims that he was unlawfully imprisoned after he violated the conditions of his post-release control.

In 2008, Plaintiff was convicted in the Licking County Court of Common Pleas on a variety of obscenity-related charges, including two felonies of the fourth degree and one of the fifth degree, and sentenced to 39 months imprisonment and five years of post-release control. (*Id.* at 26-27; *see* Ohio Rev. Code §§ 2907.321(A)(5), 2907.322(A)(5), 2907.323(A)(3).) Defendant's sentence also included a provision that if he violated the conditions of post-release control, he could be returned to prison for up to nine months. (*Id.* at 27.) On November 15, 2012, after the completion of his term of imprisonment and during the period of post-release control, Plaintiff was arrested for two misdemeanors, unlawful use and theft. The OAPA conducted a revocation hearing, and Plaintiff was found in violation of the conditions of post-release control and sentenced to 210 days imprisonment. (*Id.* at 8-9.) He was subsequently released on July 10, 2013, subject to several conditions during the period of post-release control including no Internet access or unsupervised contact with minors. (*Id.* at 28.)

Plaintiff contends in Count One of his complaint that Defendants violated his due process rights by revoking his parole and incarcerating him. (Doc. 3 at 4-5.) Specifically, he alleges that the OAPA violated its own regulations because it lacked substantial evidence to show that Plaintiff had violated the conditions of his release. (*Id.* at 6-7.) In Count Two, he claims that Defendants violated his due process rights because they did not grant him jail-time credit for time he had served in jail between his arrest and the revocation hearing. (*Id.* at 11-12.) In Count Three, Plaintiff contends that Defendants violated his due process rights by increasing his conditions of supervision, in particular, restrictions on his Internet and computer usage, "without provocation, or the opportunity to object." (*Id.* at 12.) Finally, in Count Four, Plaintiff

challenges a condition of supervised release that limited his access to his children as not reasonably necessary to protect his children or further his rehabilitation. (*Id.* at 17.) The complaint contains no allegations that Plaintiff has challenged the OAPA's actions in state court or that any state court has found the revocation of his parole or the imposition of additional conditions to have been unlawful. (*See* Docs. 3-4.)

Plaintiff seeks damages for time he spent in prison after his parole was revoked. He also seeks a declaratory judgment that the OAPA improperly increased his conditions of supervision by imposing special conditions in 2012 and 2013 that had not previously been conditions of his post-release control. He makes no allegations that any state court has found the revocation of his parole or the imposition of these conditions to have been unlawful.

### III. STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate [judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991). Nevertheless, the objections of a petitioner appearing pro se will be construed liberally and held to less stringent standards than documents drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Because Plaintiff moved the Court to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Magistrate Judge conducted an initial screening of the complaint under § 1915(e)(2), which provides that "the court shall dismiss the case at any time if the court determines" that the action "fails to state a claim on which relief may be granted." In order to state a claim upon which relief may be granted, a plaintiff must satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). Rule 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of Rule 8 is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, a complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Id.* at 679. A *pro se* civil rights complaint should be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

### IV. ANALYSIS
#### A. Unlawful Incarceration

The first two counts of Plaintiff's complaint allege unlawful incarceration due to the revocation of his parole and the failure to credit him for the time he spent in jail between his arrest and revocation hearing. The Magistrate Judge is correct that a federal claim for money

4

damages for wrongful imprisonment is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), unless the conviction or sentence has been held invalid. If granting judgment in a plaintiff's favor on a § 1983 claim would invalidate a conviction or sentence, the complaint must be dismissed unless there is evidence that the conviction or sentence has been invalidated. *Id.* at 487.

Although Plaintiff asserts in his objection that the application of *Heck* extends only to cases involving unlawful imprisonment, this Court has held that *Heck* also governs parole revocation decisions. *See Tillman v. Mausser*, No. 2:09-CV-904, 2011 WL 1659387, at *6 (S.D. Ohio May 2, 2011) (quoting *Heck*, 512 U.S. at 487), *adopted and aff'd*, 2011 WL 2181622 (S.D. Ohio June 2, 2011) ("A challenge to the result of a revocation proceeding is not cognizable under § 1983 because 'a judgment in favor of the plaintiff would necessarily imply the invalidity' of the parole revocation decision.") (quoting *Heck*, 512 U.S. at 487); *see also Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (noting that *Heck* would bar a damages action under § 1983 if a plaintiff were seeking damages for reaching the wrong result in his parole revocation hearing rather than using the wrong procedures). Here, Plaintiff challenges the result of the revocation decision—his imprisonment and the denial of jail-time credit. Therefore, his claim is barred by *Heck* until the revocation decision is declared invalid. The Court **DISMISSES** Counts 1 and 2 of Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

### B. Conditions of Parole

On Counts 3 and 4, Plaintiff challenges the changes in the conditions of his supervised release imposed on him by the OAPA. The Magistrate Judge concluded that Plaintiff was still considered to be "in custody" while on post-release control because his liberty was restrained by the post-release control conditions he challenges. *See Jones v. Cunningham*, 371 U.S. 236, 243

5

(1963) (holding that a parolee was still in custody because parole "imposes conditions which significantly confine and restrain his freedom"). The Magistrate Judge further concluded that because "[a] judgment in Mr. Hurst's favor would release him from a portion of his sentence, namely the restrictions on his liberty which flow from the conditions he challenges," his claims necessarily imply the invalidity of a portion of his sentence and, therefore, *Heck* bars these claims. (Doc. 2 at 7.)

Plaintiff argues in his objection that whether post-release control is considered "custody" is not a settled legal question, but he offers no support for this position. As to whether *Heck* bars these claims, neither the Supreme Court nor the Sixth Circuit has addressed whether a prisoner may challenge conditions of parole, probation, or supervised release in a § 1983 action. The only circuits to have addressed the question, the Ninth and the Seventh, have reached opposite conclusions. *See Thornton v. Brown*, 757 F.3d 834, 838 (9th Cir. 2013); *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir. 1977).[1]

In *Drollinger*, a plaintiff challenged certain conditions of a state court's sentence of five years' probation, including restrictions on her living arrangements, ability to accept gifts, and requirements to attend church and to support her daughter only from her employment as an Air Force recruiter. *Drollinger*, 552 F.2d at 1223-24. The Seventh Circuit contrasted the nature of custody in prison from that experienced while on probation because the plaintiff's terms of custody imposed by the court "encompass not only the length of time she must spend on probation, but also the specific activities of her daily routine." *Id.* at 1225. The court

---

[1] The Eighth Circuit, in an unpublished opinion with little analysis, has also found that a parolee could not challenge a requirement to complete a treatment program for sex offenders as a condition of his continued parole because such a claim could only be brought in habeas corpus. *Bass v. Mitchell*, 53 F.3d 335, 1995 WL 244043, at *1 (8th Cir. Apr. 28, 1995 (per curiam) (quoting *Drollinger*, 552 F.2d at 1224-25).

6

acknowledged that "[b]ecause probation is by its nature less confining than incarceration, the distinction between the fact of confinement and the conditions thereof is necessarily blurred." *Id.* Accordingly, eliminating or substituting one of the conditions of her probation would "free her substantially from her confinement." *Id.* Therefore, the Seventh Circuit concluded that the plaintiff was precluded from challenging her probation in a § 1983 suit and that a habeas action was the appropriate challenge to the sentence of the state court. *Id.* ("Our analysis of the Indiana statutes authorizing the granting of probation demonstrates, however, that the plaintiff is in this suit challenging the sentence of the trial court, clearly the proper subject matter for a habeas corpus action."). In particular, the Seventh Circuit relied on the tenets of the Indiana statute that the granting of probation is a discretionary act by the trial court and in effect is an alternative to incarceration; the court may revoke a defendant's probation at any time; and no appeal is permitted from the order revoking probation. *Id.*

In *Thornton*, by contrast, the Ninth Circuit held that a plaintiff's § 1983 claims, which challenged two parole conditions, were not barred by *Heck* because a judgment enjoining enforcement of his GPS monitoring requirement and residency restrictions would "neither affect the fact no duration or his parole nor necessarily imply the invalidity of his state-court conviction or sentence." *Thornton*, 757 F.3d at 841 (internal quotation marks omitted). In distinguishing *Drollinger*, the *Thornton* Court relied on the fact that in California a parolee's status is "legally and factually distinct from his conditions of parole." *Id.* at 842. That is, the plaintiff challenged only the conditions of his parole, which the Department of Rehabilitation and Correction could alter at any time, but not his status as a parolee. *Id.* The *Thornton* Court noted that even if he succeeded in this action, nearly all of the plaintiff's parole conditions would remain in effect, including drug testing, counseling, and limitations on travel, patronage of certain businesses,

7

usage of motor vehicles, and a duty not to contact a victim. *Id.* at 843. Moreover, the Court pointed out that the plaintiff challenged only discretionary decisions of the Department to impose the GPS monitoring and residency restrictions; these decisions were not imposed as part of the state court's sentence. *Id.* at 843-44. Therefore, the court reasoned, his success on the § 1983 claim would not call into question a state court judgment. *Id.*

Here, Plaintiff is ultimately challenging the sentence that the trial court imposed on him ("The Court informed the defendant that upon release from prison he would be subject to post-release control for five (5) years without reduction . . . . This statement is vague and arbitrary, and gives total authority over Appellant's sentence and sanctions to the Adult Parole Authority." Doc. 1-2 at 13.) Plaintiff specifically challenges the imposition of the restrictions on his Internet usage and his visitation with his children. (*Id.* at 15.) These sanctions were imposed by the OAPA, not the trial court, but the period of post-release control was set by the court and the court also noted that the OAPA would set conditions for the period of post-release control. (*See* Judgment, Doc. 1-2 at 27; Ohio Rev. Code § 2967.28(B)(1) (stating that an individual who has been convicted of a felony sex offense be subject to a five-year period of post-release control).)

Moreover, the Court agrees with the Magistrate Judge that the *Drollinger* Court has the more compelling reading of *Heck*. As another district court pointed out, following the logic of *Thornton*, a parolee or individual on supervised release could secure complete release from custody by challenging the constitutionality of all of his parole or supervised release conditions pursuant to § 1983 or *Bivens,* and seeking invalidation of those conditions. Additionally, the individual could secure damages based on a finding that he was subject to unconstitutional custody as a result of unconstitutional parole or supervised release conditions." *D'Amario v. Weiner*, No. 12-6098, 2014 WL 1340022, at *5 (D. N.J. April 3, 2014) (holding that a parolee's

8

challenge to a denial of transfer of his supervised release from New Jersey to Rhode Island was not cognizable under § 1983).  The *Thornton* majority's reliance on the fact that the plaintiff there challenged only two of several parole conditions only shows that there is no logical limiting principle as to when a challenge to the conditions of parole crosses into a challenge to a parolee's status.  *See D'Amario*, 2014 WL 1340022, at *6; *Saunders v. Jones*, No. 3:12-cv-192, 2014 WL 2155342, at *4 (E.D. Va. May 22, 2014) ("Here, [Plaintiff] challenges at least thirteen different conditions of his probation.  The remedy [he] seeks, removal of those thirteen conditions, would effectively free him from his probation sentence.").

The Court concludes that Plaintiff's challenges are the proper subject for habeas corpus rather than a § 1983 suit.  Although Plaintiff argues in his Objection that he has exhausted his state remedies, the complaint does not so indicate.  Therefore, the Court will **DISMISS** Counts Three and Four of Plaintiff's Complaint without prejudice so that Plaintiff may exhaust his state administrative remedies.

## V.   CONCLUSION

For the reasons stated above, the Court **ACCEPTS** the Magistrate Judge's Report and Recommendation and **OVERRULES** Plaintiff's Objection.  Plaintiff's Complaint is **DISMISSED without prejudice**.  Because the Court dismisses Counts Three and Four for failure to exhaust state remedies, Plaintiff should be aware that he may pursue his constitutional claim in federal court by filing a petition for a writ of habeas corpus after he has exhausted state-court remedies.

**IT IS SO ORDERED.**

     **/s/ Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  April 13, 2016**